UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
JOHN RUIZ,

        Plaintiff,

  -against-

THE CITY OF NEW YORK and
THE NEW YORK CITY POLICE DEPARTMENT,

        Defendants.
-----------------------------------------------------------------X

**PLAINTIFF DEMANDS A TRIAL BY JURY**
**COMPLAINT**

CV 12 - 5929

AMON, CH.J.

ORENSTEIN, M.J.

The Plaintiff, above named, as and for his Complaint against the Defendants, by his attorneys, SILVERSTEIN & STERN, LLP, upon information and belief, respectfully alleges:

**JURISDICTION**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears. The provisions of Section 33 of the Merchant Marine Act of 1920, 46 U.S.C. §688, commonly known as the Jones Act, and all the statutes amendatory and supplemental thereto are applicable in this section.

2. The Plaintiff is a citizen of the State of New York.

3. The Defendant THE CITY OF NEW YORK (hereinafter, "CITY") is a municipal corporation with offices within the State of New York and City of New York and incorporated under the laws of the State of New York, having their principal place of business in the State of New York.

4. The Defendant THE NEW YORK CITY POLICE DEPARTMENT (hereinafter, "NYPD") was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

SILVERSTEIN & STERN, LLP
ATTORNEYS AT LAW
40 FULTON STREET
7TH FLOOR
NEW YORK, NY 10038

(212) 385-1444
FAX (212) 385-7933

## AS AND FOR A FIRST CAUSE OF ACTION

5. That at all times hereinafter mentioned, the Defendant CITY was and still is a domestic corporation organized and existing under and by virtue of the laws of the State of New York and doing business in the State of New York.

6. The Defendant NYPD was and still is a municipal corporation duly organized and existing by virtue of the laws of the State of New York.

7. That upon information and belief, at all times hereinafter mentioned, the Defendants owned and operated a certain vessel named Launch # 5, used by the NYPD Harbor Patrol (hereinafter "the vessel"), on which Plaintiff was aboard at the time of the accident.

8. That at all times hereinafter mentioned, Plaintiff JOHN RUIZ was employed by the NYPD Harbor Patrol as a Sergeant and, as such, was a seaman on the vessel.

9. That at all times hereinafter mentioned, the Plaintiff was in the course of his employment with the Defendants, in his capacity as a member of the crew of the vessel, performing launch duty.

10. That at all times hereinafter mentioned, the Defendants managed, operated, controlled, inspected and repaired the aforesaid vessel, the Brooklyn Army Terminal and the slips therein.

11. That at all times hereinafter mentioned, the Defendants had possession of the aforesaid vessel, its gear and equipment.

12. That at all times hereinafter mentioned, the Defendants employed the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

13. That at all times hereinafter mentioned, the Defendants provided the master, officers, seamen and other crew members comprising the crew of the aforesaid vessel.

14. That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation to furnish and provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools and equipment, and a competent crew.

15. That on or about May 23, 2012, while in the course of his employment with Defendant NYPD aboard the aforesaid vessel, which was owned and operated by Defendants, Plaintiff was caused to sustain serious injuries, when he slipped and fell from a non-skid defective deck on the vessel and onto the stairs of a floating dock, without any fault on his part and wholly and solely by reason of the negligence, recklessness and carelessness of the Defendants, their agents, servants and/or employees, and by reason of their failure to provide Plaintiff with a safe place in which to work, safe conditions in which to work, safe tools, decking and equipment, and a competent master, officers and seamen.

16. That the Defendants breached their duty to the Plaintiff JOHN RUIZ under 46 U.S.C. §688, otherwise known as the Jones Act.

17. As a result of the aforesaid, the Plaintiff JOHN RUIZ, was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has been caused to undergo medical care and attention, all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00).**

## AS AND FOR A SECOND CAUSE OF ACTION

18. Plaintiff repeats, reiterates and realleges each and every allegation contained hereinabove, in paragraphs "1" through "17" inclusive with the same force and effect as if hereinafter set forth at length.

19. That at all times hereinafter mentioned, there was imposed upon the defendants a duty and obligation to furnish and provide Plaintiff with a seaworthy vessel with safe ingress and egress, proper and sufficient tools, appliances, decking, and a safe and competent master, officers and seamen.

20. That on or about May 23, 2012, while in the course of his employment with the Defendants, the Plaintiff JOHN RUIZ was aboard the aforesaid vessel, which was owned and operated by the Defendants and was caused to sustain serious injuries, without any fault on the part of the Plaintiff, and wholly and solely by reason of the failure of the Defendants, their agents, servants and/or employees, to provide Plaintiff with a seaworthy vessel.

21.     As a result of the aforesaid, the Plaintiff JOHN RUIZ was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care and attention all to his damage in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00).**

## AS AND FOR A THIRD CAUSE OF ACTION

22.     Plaintiff repeats, reiterates and realleges each and every allegation contained herein above in paragraphs "1" through "21" inclusive with the same force and effect as if hereinafter set forth at length.

23.     That at all times hereinafter mentioned, there was imposed upon the Defendants a duty and obligation pursuant to 33 USC § 901 et seq., commonly known as the Longshore and Harbor Worker's Compensation Act to furnish and provide Plaintiff with a safe, adequate area to perform his work, proper and sufficient tools and appliances and safe and competent laborers, supervisors and seamen.

24.     That on or about May 23, 2012, while in the course of his employment with the Defendants, JOHN RUIZ, working on the vessel owned and controlled by the Defendants, was caused to sustain serious injuries, without any fault on the part of the Plaintiff, and wholly and solely by reason of the failure of the Defendants, their agents, servants and/or employees, to provide Plaintiff with

a proper, adequate and safe area to perform his work.

25. As a result of the aforesaid, the Plaintiff JOHN RUIZ was caused to sustain serious personal injuries, a severe shock to his nervous system and certain internal and external injuries and has been caused to suffer severe physical pain and mental anguish as a result thereof. Upon information and belief, the aforesaid injuries are of a permanent and lasting nature; Plaintiff was incapacitated from his usual vocation and avocation and has and will be caused to undergo medical care and attention all to his damage in the sum of **FIFTY MILLION ($50,000,000.00) DOLLARS**.

## AS AND FOR A FOURTH CAUSE OF ACTION

26. Plaintiff repeats, reiterates, and realleges each and every allegation contained hereinabove in paragraphs "1" through "25" inclusive with the same force and effect as if hereinafter set forth at length.

27. Plaintiff JOHN RUIZ is entitled to maintenance, cure and medical expenses for the period that he was and will be disabled and unable to work, in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00).**

**WHEREFORE,** Plaintiff JOHN RUIZ, demands judgment against the Defendants, THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT, in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the First Cause of Action; in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the Second Cause of Action; in the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the Third Cause of Action; and in

the sum of **FIFTY MILLION DOLLARS ($50,000,000.00)** on the Fourth Cause of Action, together with costs and disbursements of this action.

Dated: New York, New York
November 13, 2012

Yours, etc.
**SILVERSTEIN & STERN, LLP**

By:_____
CLIFFORD J. STERN (4805)
*Attorneys for Plaintiff*
40 Fulton Street, 7th Floor
New York, New York 10038
(212) 385-1444

To:

THE CITY OF NEW YORK
One Center Street
New York, New York 10007